MLM:DAS
F.# 2006R00107

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA

    -against-

JESSY HERRIOTT,
    also known as
    "Carlos Hernandez,"

              Defendant.

- - - - - - - - - - - - - - - - -X

M07-0578

COMPLAINT & AFFIDAVIT IN
SUPPORT OF ARREST WARRANT

(T. 18, U.S.C., § 1343)

EASTERN DISTRICT OF NEW YORK, SS:

    Richard DeLisio, being duly sworn, deposes and states that he is a Postal Inspector of the United States Postal Inspection Service ("the Postal Inspectors"), duly appointed according to law and acting as such.

    In or about and between September 2005 and November 2005, within the Eastern District of New York, the defendant JESSY HERRIOTT, also known as "Carlos Hernandez," having devised a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses and representations, did knowingly and intentionally transmit and cause to be transmitted writings, signs, signals, pictures and sounds by means of wire communication in interstate and foreign commerce for the purpose of executing said scheme and artifice.

    (Title 18, United States Code, Section 1343)

The source of your deponent's information and the grounds for his belief are as follows:

1. I have been a Postal Inspector with the United States Postal Inspection Service for approximately nine years. I make this affidavit in support of the application for an arrest warrant for the defendant JESSY HERRIOTT. The information set forth in this affidavit is based upon discussions with representatives of All Island Mortgage & Funding Corp. ("All Island"), Albarano Holding Corp. ("Albarano"), Commercial Capital Alliance ("Commercial Capital"), Exeter Holdings, Ltd. ("Exeter"), discussions with other law enforcement officials, interviews of various individuals and my review of documents. All statements in this affidavit are set forth in substance and in part.[1]

2. Since January 2006, I have conducted an investigation into the fraudulent use of the identity of Carlos Hernandez, the owner of properties located at 389 Douglass Street, Brooklyn, New York ("the Douglass Street property") and 231 East Third Street, Brooklyn, New York ("the Third Street property"). During the course of my investigation, I determined that the defendant JESSY HERRIOTT falsely posed as Carlos Hernandez for the purpose of obtaining mortgage loans for the Douglass Street property and the Third Street property. These

---

[1] Because the purpose of this affidavit is merely to establish probable cause, I have not set forth all of the facts and circumstances of which I am aware.

mortgages were issued without the knowledge or consent of the true Carlos Hernandez.

### The Exeter Mortgage

3. Commercial Capital is a licensed mortgage broker located in Jericho, New York. In or about September 2005, MB-1, a mortgage broker at Commercial Capital, engaged in a series of telephone conversations with a person purporting to be "Eddie Hernandez," the son of Carlos Hernandez. During these telephone conversations, "Eddie" told MB-1 that his father was ill and wished to obtain funds as quickly as possible by obtaining a cash-out mortgage on the Douglass Street property. "Eddie" instructed MB-1 to broker a short-term mortgage for a period of only several months. MB-1 has informed me that such mortgages carry significantly higher interest rates than normal, and are typically used only for short periods of time until the borrower can obtain long-term financing at lower interest rates. Acting on these instructions, MB-1 brokered a $450,000 mortgage loan ("the Exeter mortgage") from Exeter Holdings, a private lender located in Jericho, New York, to "Carlos Hernandez," secured by the Douglass Street property.

4. On or about October 4, 2005, the individual purporting to be "Eddie Hernandez" retained an attorney, ("the Hernandez attorney") to represent "Carlos Hernandez" in connection with the Exeter mortgage. On or about October 11, 2005, a closing was held for the Exeter mortgage in Garden City,

New York. An individual purporting to be "Carlos Hernandez" attended this closing, along with MB-1, the Hernandez attorney and others. The closing documents were executed, and Exeter issued a wire transfer of approximately $406,000 to the custody account of the Hernandez attorney.

5. On or about October 13, 2005, the individual posing as "Eddie Hernandez" provided a letter purportedly signed by "Carlos Hernandez" authorizing the Hernandez attorney to transfer a portion of the funds from the Exeter mortgage to a bank account in Switzerland ("the Swiss account"). The Hernandez attorney complied with these instructions and transmitted approximately $245,000 by wire to the Swiss account.

The Albarano Mortgage

6. All Island is a licensed mortgage broker located in Smithtown, New York. In or about August 2005, MB-2, a mortgage broker at All Island, had a series of phone conversations with a person purporting to be "Eddie Hernandez," the son of Carlos Hernandez. During these conversations, "Eddie" told MB-2 that his father required financing in order to renovate a building, and sought to obtain a mortgage secured by the Douglass Street property and the Third Street property. Acting on these instructions, MB-2 brokered a $650,000 mortgage loan ("the Albarano mortgage") from Albarano, a private lender located in Meford, New York, to "Carlos Hernandez," secured by the Douglass Street and Third Street properties.

7. On or about October 19, 2005 a closing was held for the Albarano mortgage in West Islip, New York. The person purporting to be "Carlos Hernandez" attended this closing, along with MB-2, representatives from Albarano and others. After the closing documents were executed, Albarano transmitted by wire transfer approximately $353,000 of the mortgage proceeds to the Swiss account, as directed by "Eddie Hernandez."

The Investigation

8. Payments were never made on either the Exeter mortgage or the Albarano mortgage. In or about January 2006, representatives of Albarano and Exeter contacted the true Carlos Hernandez, who denied ever seeking or authorizing either mortgage.

9. Throughout his dealings with MB-1, MB-2 and the Hernandez attorney, the individual posing as "Eddie Hernandez" provided the contact telephone number of 646-878-7867. I have carefully reviewed the phone records of this number, which is a pre-paid cellular telephone with no subscriber information. A review of these records indicates that a high volume of calls were made between this phone number and a Cingular Wireless telephone ("the Cingular phone") subscribed to by the defendant JESSY HERRIOTT, during the course of the fraud set forth above.

10. The account records for the Cingular phone indicate that the defendant JESSY HERRIOTT opened the account using a South Carolina driver's license. I have obtained a copy

of the digital photograph of the defendant JESSY HERRIOTT used on the South Carolina driver's license.

11. MB-1 and the Hernandez attorney have identified JESSY HERRIOTT from a six-person photo array as the individual who posed as "Carlos Hernandez" in connection with the Exeter mortgage.

12. MB-2 has identified the defendant JESSY HERRIOTT from a six-person photo array as the individual who posed as "Carlos Hernandez" in connection with the Albarano mortgage.

Wherefore, it is respectfully requested that a warrant be issued for defendant JESSY HERRIOTT, also known as "Carlos Hernandez," so that he may be dealt with according to law.

RICHARD DELISIO
Postal Inspector
U.S. Postal Inspection Service

Sworn to before me this
10th day of May 2007

UNI'                    E JUDGE
EAS'                    YORK